UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
JOHANNA MARIA VIBE ENER,

              Plaintiff,

      - against -

KORANGY PUBLISHING, INC., d/b/a THE
REAL DEAL; DAVID A. DUCKENFIELD;
and BALSERA COMMUNICATIONS
GROUP,

              Defendants.
------------------------------------------------------x
PAMELA K. CHEN, District Judge:

**MEMORANDUM & ORDER**
20-CV-815 (PKC) (LB)

Plaintiff, proceeding *pro se* and residing in the United Kingdom, filed this fee-paid action pursuant to 28 U.S.C. § 1332 against Defendants located in Coral Gables, Florida, and Manhattan, New York, alleging claims for defamation and intentional infliction of emotional distress. For the reasons set forth below, Plaintiff is directed to show cause, in writing, by March 27, 2020, why the instant action should not be transferred to the United States District Court for the Southern District of Florida.

## BACKGROUND

Plaintiff's claims[1] arise from the publication of an article on April 26, 2019 by Defendant Korangy Publishing that concerns two court actions between Plaintiff and her former partner, Pedro Antonio Martin ("Mr. Martin"). (Complaint ("Compl."), Dkt. 1, ¶ 22.) Plaintiff alleges that the article portrays her as "an immoral and unchaste woman who has been convicted of multiple

---

[1] "At the pleadings stage of a case, the court assumes the truth of 'all well-pleaded, nonconclusory factual allegations' in the complaint." *Durant v. N.Y.C. Hous. Auth.*, No. 12-CV-937 (NGG) (JMA), 2012 WL 928343, at *1 (E.D.N.Y. Mar. 19, 2012) (quoting *Kiobel v. Royal Dutch Petrol. Co.*, 621 F.3d 111, 123 (2d Cir. 2010)).

indictable offenses and is currently on the run from the law." (*Id.* ¶ 23.) Plaintiff also alleges violations of Florida law in connection with the alleged unauthorized use of her photograph in the article. (*Id.* ¶ 26.) Plaintiff claims that the other Defendants contributed to the allegedly defamatory article. (*Id.* ¶ 65.) Plaintiff seeks compensatory and punitive damages of at least fifty million dollars. (*Id.* ¶ 74.)

The Court notes that Plaintiff filed two prior actions in the United States District Court for the Southern District of Florida, regarding, in part, the same allegations she seeks to raise here. First, in *Vibe Ener v. Miami Herald Media Co. et al.*, No. 19-CV-23893 (MGC) (S.D. Fla.), Plaintiff filed defamation claims against Korangy Publishing for two articles published on May 10, 2017 and April 26, 2019. On February 3, 2020, Plaintiff moved for voluntary dismissal of that action. (*Id.* at Dkt. 38.) By Order dated February 10, 2020, the Honorable Marcia G. Cooke dismissed that action with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Second, in *Vibe Ener v. Martin et al.*, No. 19-CV-21550 (RAR) (S.D. Fla.), Plaintiff sued Mr. Martin and unnamed co-conspirators for, *inter alia*, defamation and invasion of privacy, relating to Plaintiff having taken her and Mr. Martin's children to the United Kingdom. By Order dated May 21, 2019, the Honorable Rodolfo A. Ruiz granted Mr. Martin's motion to dismiss, finding that dismissal was warranted based on fugitive disentitlement grounds. *See Ener v. Martin*, 379 F. Supp. 3d 1377, 1382–83 (S.D. Fla. 2019) ("Here, implementation of the fugitive disentitlement doctrine is a reasonable and measured response to Ener's contumacious disregard for prior court orders in both the State Court Proceedings and before this Court.").

**DISCUSSION**

Under 28 U.S.C. § 1391, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a

substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Pursuant to 28 U.S.C. § 1404, a court may *sua sponte* transfer "any civil action to another district or division where it might have been brought." 28 U.S.C. § 1404(a). When determining whether to transfer venue, courts consider various factors including, *inter alia*: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (internal quotations and citation omitted). "Although the Court would typically give 'substantial consideration' to [a] plaintiff's choice of forum, 'the emphasis that a court places on plaintiff's choice of forum diminishes where the facts giving rise to the litigation bear little material connection to the chosen forum.'" *Debellis v. Soloman*, No. 19-CV-4408 (BMC), 2019 WL 4393652, at *1 (E.D.N.Y. Sept. 13, 2019) (quoting *Pilot Corp. v. U.S. Robotics, Inc.*, No. 96-CV-5483 (SHS), 1997 WL 47790, at *2 (S.D.N.Y. Feb. 6, 1997)).

Here, Plaintiff has failed to allege a connection between the events described in her Complaint and this district. Moreover, two of the named Defendants are located in Florida, and Plaintiff has already filed two related actions in the Southern District of Florida. In light of Plaintiff's *pro se* status and the fact that the Court typically considers a plaintiff's choice of forum, Plaintiff is granted an opportunity to show cause why this action should not be transferred to the Southern District of Florida, pursuant to 28 U.S.C. § 1404(a).

**CONCLUSION**

For the foregoing reasons, Plaintiff is directed to show cause, in writing, by March 27, 2020, why this action should not be transferred to the United States District Court for the Southern District of Florida. If Plaintiff fails to comply within the time allowed or fails to show good cause why she cannot comply, the action shall be transferred to the Southern District of Florida. *See* 28 U.S.C. §§ 1391(b), 1404(a). Although Plaintiff has paid the filing fee to initiate the action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
PAMELA K. CHEN
United States District Judge

Dated: February 27, 2020
        Brooklyn, New York