UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
JOHANNA MARIA VIBE ENER,

        Plaintiff,

     - against -

KORANGY PUBLISHING, INC., d/b/a THE
REAL DEAL, and DAVID A.
DUCKENFIELD,[1]

        Defendants.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
20-CV-815 (PKC) (LB)

PAMELA K. CHEN, District Judge:

Plaintiff, proceeding *pro se* and residing in the United Kingdom, filed this fee-paid action pursuant to 28 U.S.C. § 1332 against Defendants located in Florida and New York, alleging claims for defamation and intentional infliction of emotional distress. For the reasons set forth below, this action is transferred to the United States District Court for the Southern District of Florida.

## BACKGROUND

**I.    Facts**[2]

Plaintiff's claims arise from the April 26, 2019 publication of an article on The Real Deal[3] ("TRD") by Defendant Korangy Publishing that concerns two court actions between Plaintiff and

---

[1] Plaintiff's Amended Complaint (Dkt. 5) withdraws her claims against Defendant Balsera Communications Group. The Clerk of Court is respectfully directed to update the docket accordingly.

[2] "At the pleadings stage of a case, the court assumes the truth of 'all well-pleaded, nonconclusory factual allegations' in the complaint." *Durant v. N.Y.C. Hous. Auth.*, No. 12-CV-937 (NGG) (JMA), 2012 WL 928343, at *1 (E.D.N.Y. Mar. 19, 2012) (quoting *Kiobel v. Royal Dutch Petrol. Co.*, 621 F.3d 111, 123 (2d Cir. 2010)).

[3] *See* Francisco Alvarado, *Terra founder Pedro Martin's former mistress files defamation suit; latest in ongoing feud*, THE REAL DEAL MIAMI (Apr. 26, 2019, 6:15 PM),

1

her former partner, Pedro Antonio Martin ("Mr. Martin"). (Amended Complaint ("Am. Compl."), Dkt. 5, ¶ 21.) Plaintiff alleges that the TRD article portrays her as "an immoral and unchaste woman who has been convicted of multiple indictable offenses and is currently on the run from the law." (*Id.* ¶ 22.) Plaintiff also claims that individual Defendant Duckenfield was hired by Mr. Martin as his spokesperson and made false and defamatory statements to TRD, which contributed to the allegedly defamatory article. (*Id.* ¶¶ 17, 64.) Plaintiff seeks compensatory and punitive damages of at least fifty million dollars. (*Id.* ¶ 73.)

## II. Procedural History

Plaintiff filed the instant action on February 14, 2020. (Dkt. 1.) On February 27, 2020, the Court directed Plaintiff to show cause why this action should not be transferred to the United States District Court for the Southern District of Florida. (Dkt. 4.) Plaintiff thereafter amended her complaint on March 13, 2020 (Dkt. 5) and responded to the show cause order on April 16, 2020 (Dkt. 7).

## DISCUSSION

Under 28 U.S.C. § 1391, a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Pursuant to 28 U.S.C. § 1404, a court may *sua sponte* transfer "any civil action to another district or division where it might have been brought." 28 U.S.C. § 1404(a). When determining whether to transfer venue, courts consider various factors including, *inter alia*: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the

---

https://therealdeal.com/miami/2019/04/26/terra-founder-pedro-martins-former-mistress-files-defamation-suit-latest-in-ongoing-feud.

locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (internal quotations and citation omitted). "Although the Court would typically give 'substantial consideration' to [a] plaintiff's choice of forum, 'the emphasis that a court places on plaintiff's choice of forum diminishes where the facts giving rise to the litigation bear little material connection to the chosen forum.'" *Debellis v. Soloman*, No. 19-CV-4408 (BMC), 2019 WL 4393652, at *1 (E.D.N.Y. Sept. 13, 2019) (quoting *Pilot Corp. v. U.S. Robotics, Inc.*, No. 96-CV-5483 (SHS), 1997 WL 47790, at *2 (S.D.N.Y. Feb. 6, 1997)).

Here, the Court places little emphasis on Plaintiff's choice of forum because Plaintiff has not demonstrated such a material connection. Plaintiff argues that venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) because Defendant Korangy Publishing "is a citizen of [the Eastern] [D]istrict, with its principal place of business in New York," and that "a vast majority of [TRD's] readers and the readers of the April 26, 2019 defamatory article regarding Plaintiff, are located [in] this District." (Plaintiff's Response ("Pl.'s Resp."), Dkt. 7, at 5.) Plaintiff adds that TRD's "sales and advertising decisions are made in New York" (*id.* at 6), that "TRD readers and potential witnesses visiting the online site and viewing the defamatory article at issue in this case are located in New York" (*id.* at 8), and that "an articulable nexus exists between NYC and the Defendants and subject matter because the cause of action arises out of the business activity by TRD, taking place in NYC" (*id.*). These arguments are insufficient to establish a material connection between the facts giving rise to the litigation and the Eastern District of New York, for, while "the court assumes the truth of 'all well-pleaded, nonconclusory factual allegations' in the complaint" at the pleadings stage, *Durant*, 2012 WL 928343, at *1 (quoting *Kiobel*, 621 F.3d at 123), Plaintiff's statements are merely conclusory assertions.

3

The Court has considered the other factors relevant to a determination of whether to transfer venue and concludes that venue is proper in the United States District Court for the Southern District of Florida. First, individual Defendant Duckenfield resides in Florida. (Am. Compl., Dkt. 5, ¶ 2.) Second, to the extent the TRD article indicates publication by "TRD Miami,"[4] the Court presumes that relevant witnesses and documents relevant to Plaintiff's claims are present in Florida or, at least, are as likely to be present in Florida as in New York. Third, Plaintiff herself previously selected the Southern District of Florida as the venue for a similar action against Korangy Publishing and several other defendants, filed on September 17, 2019. *See Vibe Ener v. Miami Herald Media Co. et al.*, No. 19-CV-23893 (MGC) (S.D. Fla.) (alleging defamation and intentional infliction of emotional distress claims against defendants with regard to three articles, including the TRD article at issue here). In that action, Korangy Publishing moved to dismiss Plaintiff's claims, and, after briefing by both parties, Plaintiff moved for voluntary dismissal of the case, which was dismissed on February 10, 2020 by the Honorable Marcia G. Cooke, with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).[5] *Id.*

Plaintiff's remaining arguments implicate the factors of convenience and the interests of justice. Plaintiff notes the proximity of New York to the United Kingdom, where Plaintiff now

---

[4] *See supra*, note 3.

[5] While Plaintiff states that Judge Cooke "never ruled on the parties' motions or the merits of the case" (Pl.'s Resp., Dkt. 7, at 4), "[a] voluntary dismissal with prejudice is tantamount to a judgment on the merits[.]" *Ritchie v. Gano*, 754 F. Supp. 2d 605, 608 (S.D.N.Y. 2010) (internal quotation marks and citation omitted). The Court observes that Plaintiff, having brought the same claims of defamation and intentional infliction of emotional distress against Korangy Publishing with regard to the TRD article in this district, may be engaging in forum shopping. "Where it appears that the plaintiff [is] forum shopping and that the selected forum has little or no connection with the parties or the subject matter, plaintiff's choice of forum is entitled to no weight whatever, and the transfer of venue is appropriate." *EasyWeb Innovations, LLC v. Facebook, Inc.*, 888 F. Supp. 2d 342, 349 (E.D.N.Y. 2012) (quoting *Pierce v. Coughlin*, 806 F. Supp. 426, 429 (S.D.N.Y. 1992)).

resides, and states that travel to New York is "potentially less expensive than flying to other parts of the country" (Pl.'s Resp., Dkt. 7, at 8), as well as her "concerns regarding harassment" by Mr. Martin and "hired third parties" should she return to Florida (*id.* at 9). Standing alone, these factors are insufficient to find venue proper in this district. The Court, moreover, gives no consideration to Plaintiff's "significant doubt that she would receive a fair trial" in the Southern District of Florida (*id.*)—a belief that seems to stem wholly from prior, unfavorable outcomes in her cases in that district.[6]

Separately, the Court notes that Plaintiff has identified the address of Korangy Publishing as 450 West 31st Street, New York, New York, 10001, which is located in New York County (Manhattan) and thus within the jurisdiction of the United States District Court for the Southern District of New York, rather than the Eastern District of New York. *See* 28 U.S.C. § 112(b) (stating that New York County is located in the Southern District of New York). This error does not change the Court's analysis, however, as a district court may transfer a case filed in the wrong district to any district in which the action could have been brought. *See* 28 U.S.C. § 1406(a). Nonetheless, for the same reasons articulated above, and even assuming Plaintiff to have made her arguments with respect to the Southern District of New York, the Court finds that venue is proper in the Southern District of Florida.

---

[6] In a separate case unrelated to the TRD article, Plaintiff sued Mr. Martin and unnamed co-conspirators for, *inter alia*, defamation and invasion of privacy, relating to Plaintiff having taken her and Mr. Martin's children to the United Kingdom. *See Vibe Ener v. Martin et al.*, No. 19-CV-21550 (RAR) (S.D. Fla.). By Order dated May 21, 2019, the Honorable Rodolfo A. Ruiz granted Mr. Martin's motion to dismiss, finding that dismissal was warranted based on fugitive disentitlement grounds. *See Ener v. Martin*, 379 F. Supp. 3d 1377, 1382–83 (S.D. Fla. 2019) ("Here, implementation of the fugitive disentitlement doctrine is a reasonable and measured response to Ener's contumacious disregard for prior court orders in both the State Court Proceedings and before this Court."). Plaintiff has appealed this decision, which is now pending before the Eleventh Circuit, Appeal No. 19-12258-B. (Pl.'s Resp., Dkt. 7, at 4.)

## CONCLUSION

For the reasons discussed above, this case is transferred to the United States District Court for the Southern District of Florida. The Clerk of Court is respectfully requested to close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: April 23, 2020
      Brooklyn, New York